No. 26,109.

### W. R. Hewey et al., doing business, etc., as Hewey Brothers, *Appellants*, v. J. S. B. Hall, *Appellee*.

#### SYLLABUS BY THE COURT.

1. Brokers—*Action for Commission—Evidence—Sufficiency*. In an action to recover a real-estate commission from a former partner, the proceedings examined, and *held*, the evidence was sufficient to sustain the verdict and judgment.

2. Same—*Generally*. Various alleged errors considered and held not to be of substantial merit.

Appeal from Sedgwick district court, division No. 1; Thomas E. Elcock, judge. Opinion filed October 10, 1925. Affirmed.

*J. W. Smyth, B. F. Alford* and *W. H. Jones,* all of Wichita, for the appellants.

*Benjamin F. Hegler* and *A. V. Roberts,* both of Wichita, for the appellee.

The opinion of the court was delivered by

Hopkins, J.: The action was one to recover a real-estate commission from a former partner. The defendant recovered on a cross petition, and plaintiffs appeal.

The parties were engaged in the real-estate business in Wichita. They entered into an oral contract to do business together, plaintiffs to furnish an office for defendant, also to furnish telephone and pay all office expenses.

Plaintiffs claimed and sought to prove that defendant was to pay them forty per cent of the commissions on all sales made by defendant. The defendant contended that he was to retain sixty per cent of all commissions on all deals made either by plaintiffs or defendant which were planned or originated by defendant.

---

1. Brokers, 9 C. J. § 83.   2. Appeal and Error, 4 C. J. § 3122.

· Hewey v. Hall.

During July, 1923, an exchange of properties was effected between Nelson J. Shepherd, who owned an apartment building in Wichita, Kan., and Eli A. Baum and S. V. Day, who owned a ranch in Elk and Montgomery counties, whereby the ranch was traded for the apartment building. Plaintiffs claim to have made this exchange and claim all of the commission, as real-estate agents, for making the deal. They collected all of the commission ($1,125) from Mr. Shepherd. The commission owing by Mr. Baum was paid to the defendant. Plaintiffs contend that the commission due from Mr. Baum ($350), paid to defendant, belonged to them, and brought action in the city court of Wichita for its recovery. The defendant filed an answer and cross petition for sixty per cent of the $350 so collected by him from Baum, and sixty per cent of the $1,125 paid by Shepherd to the plaintiffs. A trial was had, judgment rendered, and an appeal taken to the district court of Sedgwick county, where a verdict was returned and judgment rendered allowing the defendant sixty per cent of the total commission.

Defendant Hall testified that Sam Hewey called him to his office and asked him what he thought about officing with them and dividing commissions; that, "I said . . . I will take 60 per cent and you to furnish the office rent, and I want to keep my own telephone"; that Hewey agreed to this, agreed to pay for the telephone and to assist Hall in making deals. Hall was asked, "On what deals were you to get a commission?" He replied, "On all deals that were planned or originated by me." Q. "Was anything said about planning or originating?" A. "Yes, sir. Anything that I was instrumental in helping to make. . . . They agreed to assist me in any way they possibly could and all deals originated or planned by me I was to have my sixty per cent on it and they was to get forty. . . . They were to assist me in any way they could. Of course there is a great deal of the time I am out of the office and they had agreed to attend to my customers when I was out just the same as though I was in the deal, because they were getting their percentage out of it." The evidence of the plaintiffs was in conflict with that of the defendant. The issue of what was the contract was submitted to the jury, the court stating the differences in the contentions of the parties. The court also submitted the question whether Hall had earned the commission under his own theory of the contract, saying: "In other words, gentlemen, if you should find by a preponderance of the evidence that the agreement between these parties was that

Mr. Hall was to get sixty per cent of any commission earned from any business planned or originated by him, and you should find that he did plan and originate the exchange of the properties between these two persons, then the measure of his recovery would be as follows: . . ." The jury resolved the disputed question in favor of the defendant. Under the circumstances this court cannot disturb the finding. We find no error which would warrant a reversal.

The judgment is affirmed.